Costa y Santini, Inc., Recurrente, *v.* El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de una orden de embargo.

No. 576.—Resuelto en febrero 12, 1924.

Anotación de Embargos—Derecho Personal.—Un embargo trabado por A sobre los derechos que pueda tener el demandado B en un embargo que éste había anotado contra bienes de C en pleito que seguía contra éste, no es anotable en el registro, por no recaer sobre bienes raíces, inmuebles o derechos reales del deudor B.   (Artículo 42 de la Ley Hipotecaria y 92 de su reglamento.)

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. J. C. Silva.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Costa y Santini, Inc., recurrente, embargó todo derecho y acción que el demandado Antonio Guzmán pudiera tener en el embargo que a su vez dicho demandado había trabado en pleito separado sobre la finca de un tercero.

El mandamiento se presentó al registro para su anota-

ción, la que fué denegada por el registrador por dos motivos, a saber: 1°., porque tal embargo no recayó sobre bienes raíces o inmuebles o derechos reales del deudor; y 2°., por no aparecer de la orden expedida al márshal la firma del secretario del tribunal por orden del cual se expidió.

No será objeto de nuestra consideración el segundo motivo apuntado, toda vez que ni es objeto de discusión por la recurrente en su alegato y además así aparece de la faz del mandamiento el defecto señalado.

Para sostener el primer motivo el registrador se apoya en el artículo 42, inciso 2°., de la Ley Hipotecaria, que dice:

"Art. 42.—Podrán pedir anotación preventiva de sus respectivos derechos en el Registro público correspondiente:

*    *    *    *    *    *    *

"2.—El que, con arreglo a derecho, obtuviere a su favor mandamiento de embargo que se haya hecho efectivo en bienes raíces del deudor."

La disposición del artículo citado parece bien clara y explícita que bastará atenerse a su texto para dar la razón al registrador. Si por extensión comprendiéramos en aquel inciso los derechos reales, llegaríamos a la misma conclusión. La anotación de un embargo tiene el carácter de personal y por ella no se crea ningún derecho real en favor del acreedor.

"Tanto por la disposición terminante del art. 44 de la Ley Hipotecaria, como por la jurisprudencia con arreglo a él establecida por el Tribunal Supremo, la anotación preventiva de embargo, resultado de una providencia judicial y dirigida únicamente a garantir las consecuencias del juicio, no crea ni declara ningún derecho ni altera la naturaleza de las obligaciones, ni mucho menos convierte en real hipotecaria la acción que anteriormente no tenía este carácter, ni produce otros efectos que los que el acreedor que la obtenga sea preferido en cuanto a los bienes anotados solamente a los que tengan contra el mismo deudor otro crédito contraído con posterioridad a dicha anotación." Sent. del Tribunal Supremo de España de 19 de Feb. de 1886.

No obstante haber presentado la recurrente dos alegatos, uno de ellos bajo el nombre de. petición y cuya práctica no autoriza la ley, en ninguno encontramos cita alguna de autoridades o jurisprudencia en que pueda presentarse el aspecto contrario de la cuestión y sin que tampoco sus razonamientos sean por sí solos convincentes para sostener su contención.

La circunstancia que sin embargo alega la recurrente de que en el anterior pleito de *Guzmán* v. *Orellano* se dictó sentencia a favor del primero, teniendo ésta el carácter de firme, no le da ninguna fuerza ni valor a la anotación solicitada, y más bien estaba al alcance de la recurrente su derecho a embargar .el montante de dicha sentencia, quien subrogándose en el lugar de Guzmán podía ejercitar, una vez hecha su adjudicación, los demás trámites correspondientes hasta obtener su ejecución o pago, quedando asegurada su efectividad con el embargo que se había decretado en el mismo pleito.

Por las razones expuestas se confirma la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.